IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEONARD J. BARFIELD,

        Plaintiff,

v.                                          Case No. 06-4128-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

This social security appeal comes before the court on the magistrate judge's report and recommendation. The Commissioner denied disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits, and the magistrate recommends reversing that decision. Defendant has timely objected to the report and recommendation.

**Procedural Background**

The magistrate judge's report and recommendation fully and fairly sets forth the law and the background of this case. The court incorporates the same for purposes of its decision here, as the plaintiff lodges no objection to those sections of the report and recommendation.

**Standard of Review**

Defendant has objected to the entire substance of the magistrate's analysis in his report and recommendation. Dk. 19, p. 1. "De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991) (citations omitted). Rule 72(b) of the Federal Rules of Civil Procedure requires a district judge to "make a de novo determination upon the record, ..., of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." The district court has considerable judicial discretion in choosing what reliance to place on the magistrate judge's findings and recommendations. When review is de novo, the district court is free to follow or wholly ignore the magistrate judge's recommendation, but it should make an independent determination of the issues without giving any special weight to the prior recommendation. *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir.1988). In short, the district court may accept, reject, or modify the magistrate judge's findings, or recommit the matter to the magistrate with instructions. *See* 28 U.S.C. § 636(b)(1)(C) (1994).

A five-step sequential process is used in evaluating a claim of

disability. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If the claimant bears his burden of proof on the first four steps, he establishes a prima facie case of disability. The burden of proof then shifts to the commissioner at step five to show that the claimant retains the residual functional capacity ("RFC") to perform other work available in the national economy, considering such additional factors as age, education, and past work experience. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir.1989). The commissioner satisfies this burden if substantial evidence supports it. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir.1993).

**ALJ's Findings**

At step one, the ALJ determined that plaintiff had not worked at substantial gainful activity since September 30, 2004. At step two, the ALJ found that plaintiff has severe impairments of lumbosacral back pain and hypertension. At step three, the ALJ determined that plaintiff's impairments did not meet or equal a listed impairment. After establishing plaintiff's RFC, the ALJ found at step four that plaintiff could not perform past relevant work. At step five, the ALJ concluded, based on vocational expert (VE) testimony, that plaintiff could perform a significant number of light, unskilled occupations that exist in the national economy. Therefore, the ALJ

concluded that plaintiff was not disabled.

The determinative issues in this appeal are whether the ALJ properly weighed the plaintiff's credibility, whether the ALJ properly weighed the treating physician's opinion, and whether evidence submitted after the ALJ's decision compels a different result**.**

**Credibility**

Plaintiff contends that the ALJ erred in not fully crediting his allegations of disabling pain. This issue overshadows all others.

"A claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir.1993). Instead, "[b]efore the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain." *Id.* (citations omitted).

The ALJ found that "the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible."  Dk. 9,Exh. p. 30. Thus

the ALJ properly reached the issue of the credibility of plaintiff's pain testimony. The ALJ's task was to determine whether, in light of all the evidence, both objective and subjective, plaintiff's pain was in fact disabling. *See Luna v. Bowen*, 834 F.2d 161 (10th Cir.1987).

When considering the credibility of pain testimony, an ALJ should consider such factors as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir.1991), quoting *Huston v. Bowen*, 838 F.2d 1125 (10th Cir.1988). See *Branum v. Barnhart*, 385 F.3d 1268, 1273 -1274 (10th Cir.2004); *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (requiring an objectively reasonable explanation instead of mere intuition, which is met where the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility.); *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir.2000).

The court's analysis of an ALJ's credibility findings is guided by the opinion in *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995), where the

Tenth Circuit stated:

> "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir.1990). However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston [v. Bowen]*, 838 F.2d [1125,] 1133 [ (10th Cir.1988)] (footnote omitted); see also *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir.1992) (ALJ "must articulate specific reasons for questioning the claimant's credibility" where subjective pain testimony is critical); *Williams [ex rel.] Williams v. Bowen*, 859 F.2d 255, 261 (2d Cir.1988) ("failure to make credibility findings regarding ... critical testimony fatally undermines the [Commissioner's] argument that there is substantial evidence adequate to support [her] conclusion that claimant is not under a disability").

*Kepler* , 68 F.3d at 391.

In support of the ALJ's conclusion that plaintiff's statements concerning the intensity, duration and limiting effects of his symptoms were not entirely credible, the ALJ specified extensive evidence which diminished plaintiff's credibility. See Dk. 9, Exh. p. 30-32.  That evidence, highly summarized by the court, included the following: 1) the lack of objective medical evidence, clinical findings and a medical opinion as to disability; 2) the date of plaintiff's disability in relation to his work; 3) the lack of contemporaneous complaints of back pain; 4) the lack of significant complaints of pain to the clinic which treated him for years; and 5) plaintiff's

failure to show for physical therapy appointments. Dk. 9, Exh.p. 31-33.

The record confirms that plaintiff sought no regular treatment for his back pain, despite seeking treatment for other conditions. Plaintiff's medical records fail to show that he either took prescription medication on a regular basis for his back pain,[1] or made consistent complaints of back pain. Plaintiff testified that he went to the emergency room "at least once a month" for back pain, Dk. 9, Exh. p. 308, but the record includes no emergency room records noting treatment for back pain. Plaintiff attended only two physical therapy sessions, one of which notes "no pain in back," missed six scheduled physical therapy sessions, and was discharged from physical therapy. Dk. 9, Exh. p. 173-74; 203.

All objective tests showed only "mild," "minimal" or "very slight" abnormalities of his back. Dk. 9, Exh. p. 180, 212 (12/03/02 MRI); p. 236 (12/4/04 x-ray). Plaintiff continued to work for almost two years after the MRI which allegedly supports his allegation of disability. The few physical examinations of record show only minimal limitations of strength and

---

[1] Plaintiff's counsel invites the court to excuse plaintiff's lack of prescription medication because plaintiff is indigent, but in so doing cites to evidence not in the record. The court separately notes that one prescription medication which plaintiff allegedly took for his back pain was prescribed before the date of plaintiff's back injury.

sensation. Dk. 9, Exh. p. 233-34, 260-61, 281. These minimal and mild findings are not consistent with a disabling impairment, particularly when these test results are accompanied by extremely limited treatment and a lack of prescription medication.

The timing of plaintiff's disability also diminished plaintiff's credibility. Plaintiff admitted that the date on which he allegedly first became disabled was the same date he got laid off from his employment and that he probably could have continued working. Dk. 9, Exh. p. 302, 317. The record also confirms the ALJ's finding that "almost one week prior to his lay-off, he was seen in the emergency room for nausea and vomiting after eating peaches [but] did not complain of back pain at that time." Dk. 9, Exh. p.186-87.

After examining the record as a whole, the court is persuaded that the ALJ's findings relative to plaintiff's credibility are closely and affirmatively linked to substantial evidence.

**Treating physician**

Plaintiff makes two claims of error in the ALJ's consideration of Dr. McKinney's opinion: 1) the ALJ considered Dr. McKinney to be a treating physician, but did not give her opinion controlling weight; and 2) the ALJ failed to state what weight he did give her opinion, as required by the Tenth

Circuit's decision in *Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir.2003).

The court finds no error arising from the ALJ's failure to articulate the weight given to the treating physician's opinion. *See McDonald v. Barnhart*, 358 F. Supp. 2d 1034, 1039 n.2 (D. Kan. 2005). Implicit in the ALJ's decision in this case is a finding that Dr. McKinney's opinion is not entitled to controlling weight and, indeed, is entitled to no weight whatsoever. The correctness of that determination is the true issue.

Under the "treating physician rule," the Commissioner will generally give greater weight to the opinions of sources of information who have treated the claimant than of those who have not. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir.2004) (citing 20 C.F.R. § 404.1527(d)(2)); *see also* 20 C.F.R. § 416.927(d)(2).

> In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir.2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) "consistent with other substantial evidence in the record." *Id.* (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id.*

*Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir.2004).

Even if a treating physician's opinion is not entitled to controlling

9

weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § ... 416.927." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)(quotation omitted). Those factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1300-01. After considering these factors, the ALJ must give good reasons for the weight he ultimately assigns the opinion, or for rejecting it. 20 C.F.R. § 404.1527(d)(2).

The ALJ in this case found that Dr. McKinney's opinion was inconsistent with other substantial evidence in the record and was not entitled to controlling weight. Specifically, the ALJ stated:

> First, Dr. McKinney's opinion relates to the claimant's past work activity and does not indicate there was no work activity he could perform. Secondly, as indicated above, Dr. McKinney's opinion appears to consider the claimant's significant pain as her treating records contain no record of objective studies, no complaints from the claimant of back pain, as well as no treatment for back pain. Thus, her opinion, although it is that of a treating physician, is not consistent with other medical evidence of record that indicates the claimant

10

experiences mild degenerative disc disease. As such, her opinion is not accorded controlling weight.

Dk. 9, Exh. p. 32.

The court has reviewed the record and finds good, specific and legitimate reasons given for the ALJ's decision not to defer to Dr. McKinney's opinion. The record does not show that Dr. McKinney saw plaintiff on more than two occasions over a period of several years, both of which were apparently for the purpose of obtaining a report in support of plaintiff's claim for disability.[2] *See* Dk. 9, Exh. p. 32, 245, 281.  Plaintiff's treatment records reflect little in the way of clinical findings or diagnostic tests in support of Dr. McKinney's conclusion that plaintiff is disabled.  She referenced x-ray findings for April 4, 2006,[3] but did not include the radiologist's report. Nor did she provide the results of any other diagnostic tests supporting her opinion.  Furthermore, the record fails to reflect any

---

[2] Defendant contends that Dr. McKinney was not a treating physician because she only saw plaintiff twice for the purpose of doing a "disability exam," *see* 20 CFR § 404.1502, 416.902, but concedes the matter is harmless error in this case. Dk. 19, Exh.p. 1-2. The court agrees on both counts.

[3] Dr. McKinney states that the x-ray done April 4, 2006 "demonstrates mild narrowing of the intervertebral disc space heights, mild marginal osteophytosis and mild hypertrophic osteoarthritic changes of the facet joints." Dk. 9, Exh.p. 281.

treatment Dr. McKinney has provided or recommended for claimant's complaint of lower back pain. Finally,Dr. McKinney is not an orthopedist or other specialist in the area upon which her opinion was rendered, but is a psychiatrist.

Additionally, the record includes the opinion of a medical consultant, indicating that the medical evidence of record was not consistent with the extreme limitations provided by Dr. McKinney. Dr. Timmerman specifically opined that "Dr. McKinnney's opinion is not supported by her examination and is inconsistent with [the consultative] exam." Dk. 9, Exh.p. 245. In short, the court finds nothing in the record other than plaintiff's subjective allegations  on which Dr. McKinney could have based her opinion of disability. The ALJ's treating physician analysis is in accordance with the governing regulations and case law, and is supported by substantial evidence in the record. Accordingly, the ALJ did not err in rejecting or discounting Dr. McKinney's opinion. *See Branum v. Barnhart ,*385 F.3d 1268, 1275 (10th Cir.2004).

**Supplemental evidence**

Two documents were submitted to the Appeals Council after the ALJ's decision: a letter by Dr. McKinney dated April 4, 2006, and its accompanying medical source statement-physical. The parties agree that

the documents submitted to the Appeals Council after the ALJ's decision (Dk. 9, Exh.p. 281-84) are properly considered as part of the record before this court. *See Angel v. Barnhart*, 329 F.3d 1208, 1211-12 nn. 7-8 (10th Cir. 2003). Plaintiff believes that this evidence is so significant as to alter the ALJ's decision on disability. The court disagrees.

Dr. McKinney's letter dated April 4, 2006, and its accompanying medical source statement indicate that "there has not been a lot of change in [plaintiff's] condition but he is gradually getting worse.  He has more pain with activity and finds the pain harder to manage."  Dk. 9, Exh.p. 281. Plaintiff concedes that Dr. McKinney's report is largely cumulative of her previous report to the Disability Determination Services dated February 1, 2005. It could be read to conclude, however, that plaintiff was experiencing increased pain, decreased strength and decreased sensation in 2006 than in 2005. But the objective examination findings show only mildly decreased strength, and decreased sensation in only a small area of plaintiff's left shin. The sole objective test referenced is an x-ray taken on April 4, 2006, which reportedly reveals "mild narrowing," "marginal osteophytosis," and "mild hypertrophic osteoarthritic changes." The reported results of this later x-ray are not significantly different than those of the prior x-ray and MRI,

which showed only "mild," "minimal" or "very slight" abnormalities. Dk. 9, Exh.p. 212 (12/03/02 MRI), p. 236 (12/4/04 x-ray). No significant deterioration in plaintiff's impairment is supported by the record.

Considering the record as a whole, the court finds that the ALJ's decision is supported by substantial evidence and that the additional evidence not submitted to the ALJ but currently part of the record does not show that plaintiff's pain is so great as to be disabling.

For the reasons stated above and those included in the defendant's objections to the magistrate judge's report and recommendation, the court finds that the decision of the Commissioner denying benefits to the plaintiff should be affirmed.

IT IS THEREFORE ORDERED that the Commissioner's objection to the magistrate's report and recommendation (Dk. 19) is granted, that the court declines to adopt the report and recommendation except as noted herein, and that the decision of the Commissioner denying benefits to the plaintiff is affirmed.

Dated this 16th day of November, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge